IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JENNIFER LOCK-HOREV**<br><br>v.<br><br>**K-MART #7293, SEARS BRANDS, LLC, SEARS HOLDING CORPORATION, KMART CORPORATION, AND KMART HOLDING CORPORATION** | **CIVIL ACTION**<br><br>**NO. 14-6603** |

**MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS**

**Baylson, J.**                                                                                                                    **August __, 2015**

Defendants K-Mart #7293, Kmart Corporation, Sears Brands, LLC, Sears Holding Corporation, and Kmart Holding Corporation move to dismiss (ECF 5) this personal injury diversity action under Fed. R. Civ. P. 12(b)(1), contending that this Court (i) lacks jurisdiction because the amount in controversy does not exceed $75,000 and (ii) should abstain from hearing the case under Younger v. Harris, 401 U.S. 37 (1971) because there is an ongoing state proceeding of the identical civil action on appeal before the Pennsylvania Superior Court.

**I. Facts and Procedural History**

Plaintiff alleges that on November 2, 2013, at approximately 2:09 p.m., she slipped and fell on a substance on the floor near the customer service desk of Defendants' K-Mart store #7293, located at 713 East Baltimore Pike, Clifton Heights, PA. See ECF 1, Pl.'s Compl. ¶¶ 10-13. Plaintiff contends that Defendants' negligence in failing to clean up the substance on the floor caused her to suffer physical and emotional injuries and financial loss. Id. ¶¶ 15-20.

Prior to the filing of the instant lawsuit, Plaintiff filed a substantially similar civil action against Defendants for the same incident in the Philadelphia County Court of Common Pleas on December 3, 2013. See ECF 5, Defs.' Br., Ex. B. On December 31, 2013, Defendants removed

1

the case to this Court, asserting federal diversity jurisdiction existed under 28 U.S.C. § 1332. See id., Ex. D. The case was assigned to the Honorable Berle M. Schiller of this Court, Civil Action No. 13-7663. Id. On January 14, 2014, Judge Schiller approved a consensual Stipulation to Remand in which the parties agreed that the amount in controversy did not exceed $75,000, and the court remanded the case to the Philadelphia County Court of Common Pleas. See id. Ex. C, D.

On January 16, 2014, the Philadelphia County Court of Common Pleas received the Order for Remand, and discovery was subsequently conducted by the parties. On September 19, 2014, Plaintiff filed a Motion for Extraordinary Relief with the Court of Common Pleas, requesting an extension of deadlines in the case because Plaintiff planned to have cervical surgery allegedly arising out of the injuries suffered in her fall at Defendants' store. Id. Ex. F-2.[1] Following surgery, Plaintiff's counsel contacted defense counsel seeking to void the stipulation as to Plaintiff's damages because Plaintiff's counsel now believed Plaintiff's damages exceeded $75,000. Id. Ex. G.

On November 5, 2014, Plaintiff filed a Praecipe to Discontinue the state court action in the Philadelphia County Court of Common Pleas. Id. Ex. H. On November 12, 2014, Defendants filed a Motion to Strike the Discontinuance, which Plaintiff opposed. Id. Ex. F, G-2.

On November 17, 2014, Plaintiff filed the instant Complaint with this Court, alleging that the amount in controversy exceeded $75,000 and federal diversity jurisdiction existed under 28 U.S.C. § 1332. See ECF 1, Pl.'s Compl., ¶ 7.

On December 16, 2014, the Philadelphia County Court of Common Pleas denied Defendants' Motion to Strike. See ECF 5, Defs.' Br., Ex. H-2. On January 9, 2015, Defendants

---

[1] The numbering of the exhibits attached to Defendants' Motion to Dismiss is partially duplicative. Accordingly, for exhibits with duplicative numbers, the Court will distinguish the second exhibit with a "-2."

filed a Notice of Appeal of the order denying the Motion to Strike to the Pennsylvania Superior Court.  Id., Ex. I.  That appeal remains pending.

On January 15, 2015, Defendants filed the Motion to Dismiss this case (ECF 5).  Plaintiff filed a response on January 30, 2015 (ECF 6).  The Court then requested additional briefing on the jurisdictional issues in this case.  Defendants filed their supplemental brief on May 26, 2015 (ECF 9), and Plaintiff filed her supplemental brief on May 27, 2015 (ECF 10).

## II. Analysis

Defendants contend that there are two independent reasons to dismiss this case.  First, they argue that the parties' stipulation that the amount in controversy does not exceed $75,000—which was approved by Judge Schiller when the case was removed to federal court and then remanded to state court—should be binding on Plaintiff as the law of the case.  Second, Defendants suggest that the Court should abstain from hearing this case under Younger because Defendants' appeal of the state court's denial of their Motion to Strike the Discontinuance remains pending in the Pennsylvania Superior Court and hearing this case would interfere with that state proceeding.

District courts have original jurisdiction over all civil matters between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1).  When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) on an allegation that the amount in controversy does not meet the jurisdictional minimum, the general rule is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938) (footnotes omitted).  To dismiss a claim based on a failure to meet the jurisdictional minimum, the complaint must fail the "legal certainty" test.  Id. at 289 ("It must appear to a legal certainty that

the claim is really for less than the jurisdictional amount to justify dismissal."); Spectacor Mgmt. Grp. v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, that amount is determined from the good faith allegations appearing on the fact of the complaint. A complaint will be deemed to satisfy the required amount in controversy unless the defendant can show to a legal certainty that the plaintiff cannot recover that amount." (citing Red Cab, 303 U.S. at 288-89)), cert. denied, 523 U.S. 1120 (1998).

The parties dispute whether their January 14, 2014, stipulation that the amount in controversy did not exceed $75,000—which was approved by Judge Schiller—remains binding on Plaintiff. When the damages claimed in a plaintiff's complaint meet the amount in controversy requirement (*i.e.*, over $75,000), but the plaintiff asserts after removal, without defendant's agreement, that the damages are less than $75,000, obviously to avoid federal jurisdiction, the Third Circuit has instructed that courts may ignore the plaintiff's asserted limitation to an amount less than $75,000. See Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir. 1993) ("Angus's stipulation that her damages do not exceed [the amount in controversy requirement] has no legal significance because a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor." (citations omitted)). Instead, courts are to calculate the amount in controversy "based on a 'reasonable reading' of the complaint." Werwinski v. Ford Motor Co., 286 F.3d 661, 667 (3d Cir. 2002) (citing Angus, 989 F.2d at 145). Plaintiff contends these principles apply, and the Court should disregard the parties' stipulation.

The situation in this case, however, differs in important respects from the cases on which Plaintiff relies. In Angus and Werwinski, the defendants contested the plaintiffs' stipulation to a lower amount in controversy, and the court in both cases determined that plaintiffs' complaint—

4

not plaintiffs' post-removal stipulation—controlled in permitting the court to retain jurisdiction instead of remanding. Here, by contrast, the parties entered into a joint stipulation, which the court accepted, that the amount in controversy did not exceed the jurisdictional threshold. As a result of that stipulation, Judge Schiller of this Court remanded the case to state court.

When the parties reach such an agreement, and the court accepts it and remands the case, the stipulation is legally binding on the plaintiff. See Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1350 (2013) (noting that plaintiff, as master of her complaint, may avoid removal by stipulating to an amount below the federal jurisdictional requirement, but "the key characteristic" of such a stipulation is that it is "legally binding") (citing 14AA C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3702.1, p. 335 (4th ed. 2011)).

Consistent with this view, this Court has previously noted that if a plaintiff stipulates that the amount in controversy is less than $75,000 in order to have the case remanded to state court, a defendant "will have an estoppel remedy if a state court were to ever issue a verdict exceeding $75,000." See Coates v. Nationwide Ins. Co., No. 12-4031, 2013 WL 5224004, at *5 (E.D. Pa. Sept. 16, 2013), relying on the Third Circuit's decision in Morgan v. Gay, 471 F.3d 469, 476-78 (3d Cir. 2006). In that class action case, the district court granted the lead plaintiff's motion to remand, concluding that the $5 million amount in controversy requirement under the Class Action Fairness Act of 2005 had not been met because plaintiff's complaint expressly limited damages to less than $5 million. Morgan, 471 F.3d at 471. The Third Circuit affirmed but cautioned that the plaintiffs, as a class, should not be permitted to recover more than $5 million in damages in state court because they had expressly limited their damages in order to have the case remanded. Id. at 477-78. The court noted that defendants could avail themselves of

"judicial estoppel arguments . . . should the plaintiffs in the future change legal positions in an attempt to achieve an award in excess of $5 million." Id. at 477 n.9.

In light of these precedents, the Court concludes that the joint stipulation approved by Judge Schiller should be legally binding against Plaintiff in this case. In the absence of Plaintiff demonstrating some reason the stipulation should be set aside, Plaintiff will be estopped from claiming the amount in controversy now exceeds $75,000.

"Generally, a stipulation entered into prior to a trial remains binding during subsequent proceedings between the parties." Waldorf v. Shuta, 142 F.3d 601, 616 (3d Cir. 1998) (citations omitted). "It is a well-recognized rule of law that valid stipulations entered into freely and fairly, and approved by the court, should not be lightly set aside." Id. (citations omitted). In exceptional circumstances, however, a court may set aside a stipulation to prevent manifest injustice. Id. at 617. In determining whether there is a manifest injustice, courts examine (1) the effect of the stipulation on the party seeking its withdrawal; (2) the effect on other parties; (3) the occurrence of intervening events since the parties agreed to the stipulation; and (4) whether evidence contrary to the stipulation in substantial. Id. at 617-18 (citations omitted).

First, withdrawal of the stipulation would permit Plaintiff to choose a federal forum instead of the state forum she had previously selected. Second, Defendants would suffer prejudice if the stipulation is withdrawn. Defendants had previously sought a federal forum, agreed to a remand to a state forum, and would now find themselves back in federal court. Moreover, in the state court action, the parties had already exchanged written discovery and took depositions. Third, Plaintiff contends her recent surgery, which she claims is a result of damages suffered in her fall on Defendants' premises, is an intervening event. However, Plaintiff does not explain why she failed to ascertain her possible need for surgical intervention prior to freely

entering into the stipulation limiting her damages to $75,000. Finally, Plaintiff points to no substantial evidence contrary to the stipulation. There is no newly discovered evidence in this case, other than Plaintiff's need for surgery, which the Court cannot regard as substantial because Plaintiff agreed to stipulate after the incident in which she had been injured occurred.

Evaluating these factors, the Court cannot conclude that it would be manifestly unjust to enforce the stipulation against Plaintiff, who freely entered into it in order to avoid federal court jurisdiction in a prior proceeding between these parties. Therefore, the Court concludes that the stipulation is valid, and Plaintiff will be estopped from asserting that the amount in controversy exceeds $75,000. Accordingly, the Court lacks diversity jurisdiction over Plaintiff's claim, and it must be dismissed.

Because the Court concludes that it lacks subject matter jurisdiction over Plaintiff's claim, the Court need not decide whether <u>Younger</u> abstention applies.

### III. Conclusion

The Court concludes that it lacks diversity jurisdiction under 28 U.S.C. § 1332 and will grant Defendants' motion to dismiss.

An appropriate Order follows.

O:\CIVIL 14\14-6603 lock-horev v. kmart\memorandum.MTD.8.5.2015.docx